UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL H. BARSKY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:15 CV 1017 CDP |
| ) | |
| EXPERIAN INFORMATION ) | |
| SOLUTIONS, INC, et al., ) | |
| ) | |
| Defendants. ) | |

# **MEMORANDUM AND ORDER**

Plaintiff Michael H. Barsky stopped paying his credit card debt and went into default on each of the affected accounts. Barsky's creditors furnished information regarding the defaults to defendant Experian Information Solutions, Inc., a consumer reporting agency, who then included the debts in Barsky's consumer report. Barsky claims Experian should not have reported the debts because collection actions on them would be barred by statutes of limitations. Barsky fails to plead that Experian's reporting of these debts was factually inaccurate, however, so I will grant Experian's motion for partial judgment on the pleadings on Barsky's claim under the Federal Credit Reporting Act (FCRA) that Experian wrongfully reported the debts and failed to properly investigate his dispute.[1]

---

[1] Barsky also claims that Experian wrongfully reported "re-aged" accounts with inaccurate dates of activity and a mortgage debt that was judicially determined never to have been due. These claims are not a subject of Experian's motion.

## Legal Standard – Motion for Judgment on the Pleadings

The same standard of review governs a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012). The purpose of such a motion is to test the legal sufficiency of the complaint. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). When ruling a motion for judgment on the pleadings, I must view the facts pleaded by the nonmoving party as true and grant all reasonable inferences in favor of that party. *Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009). I may not grant judgment on the pleadings unless "the moving party has clearly established that no material issue of fact remains and [it] is entitled to judgment as a matter of law." *Waldron v. Boeing Co.*, 388 F.3d 591, 593 (8th Cir. 2004) (internal citation and quotation marks omitted).

## Background[2]

Barsky lost his job in 2008. Prior to losing his job, he owed balances on a number of credit cards, was unable to pay them, and stopped making payments. Data furnishers – including Capital One Bank, Chase, and LVNV Funding – provided credit information to Experian that Barsky owed outstanding past due debts totaling $23,906. At the time this information was provided to Experian, over six years had passed since Barsky's default on his credit card debts. In its consumer report on

---

[2] The facts set out here are taken from the allegations in Barsky's complaint and are considered true for the purpose of this Memorandum and Order.

Barsky, Experian included one or more of these debts.

Barsky disputed the accuracy of the report with Experian on the basis that the debts were time-barred under unspecified statutes of limitations. Despite Barsky's dispute, Experian continued to show one or more of these debts on Barsky's consumer report.

Barsky brings his complaint against Experian in two counts, alleging willful and negligent violations of the FCRA, 15 U.S.C. §§ 1681, *et seq.*[3] In its motion for judgment on the pleadings, Experian challenges Barsky's claims to the extent they allege that Experian 1) violated 15 U.S.C. § 1681e(b) by allowing the reporting of time-barred debt as balances owed, and 2) violated 15 U.S.C. § 1681i by failing to conduct a real investigation into Barsky's reported dispute.

## Discussion

Section 1681e(b) requires consumer reporting agencies (CRAs) such as Experian to follow reasonable procedures to ensure "maximum possible accuracy" of information contained in consumer reports. If a consumer notifies a CRA that he disputes the accuracy or completeness of any item contained in his consumer report, that CRA must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate[.]" 15 U.S.C. § 1681i(a)(1)(A). A consumer may bring a private action against a CRA for willful and/or negligent noncompliance with

---

[3] Equifax Information Services, LLC, and Trans Union, LLC, were also named as defendants in this action, but Barsky voluntarily dismissed all claims against them with prejudice.

these requirements.  15 U.S.C. §§ 1681n, 1681o.

In order to prevail against Experian on his §§ 1681e(b) and 1681i claims, Barsky must show that the information Experian reported was, in fact, inaccurate. *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 66-68 (1st Cir. 2008); *Paul v. Experian Info. Sols., Inc.*, 793 F. Supp. 2d 1098, 1102-03 (D. Minn. 2011).  "Accurate reporting is a complete defense to both a 1681e(b) claim and a 1681i claim." *Fahey v. Experian Info. Sols., Inc.*, 571 F. Supp. 2d 1082, 1087 (E.D. Mo. 2008) (citing *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991)). Where a consumer merely asserts a legal challenge to the validity of an existing debt, he has failed to demonstrate a *factual* inaccuracy in the CRA's report of that debt. *DeAndrade*, 523 F.3d at 68.  *See also Chiang v. Verizon New England Inc.*, 595 F.3d 26, 38 (1st Cir. 2010) ("a plaintiff's required showing is factual inaccuracy, rather than the existence of disputed legal questions").

In his complaint here, Barsky does not allege that he raised a dispute with Experian that his consumer report contained a factual inaccuracy relating to his alleged time-barred debts.  Instead, he alleges that his dispute with Experian involved only the legal enforceability of the debts, advising Experian that they were time-barred under statutes of limitations.  He does not dispute that he failed to pay on accounts as reported by the data furnishers or that he had debt in the amount reported. Indeed, in response to Experian's motion, Barsky admits that he does not claim that

- 4 -

Experian's report of these debts is inaccurate.[4]  He claims only that the debts are unenforceable because any collection actions on them would be time-barred.  But whether a debt is enforceable is a matter of law that can only be resolved in court.  *See DeAndrade*, 523 F.3d at 68.  CRAs are not qualified to resolve such legal issues, nor are they required to under the FCRA.  *Id.; see also Wright v. Experian Info. Sols., Inc.*, 805 F.3d 1232, 1242 (10th Cir. 2015) (CRAs not required to "resolve legal disputes about the validity of the underlying debts they report."); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010) (CRA not obligated to report any information about the disputed item "simply because the consumer asserts a legal defense.").

Because Barsky's complaint fails to allege that Experian's consumer report contained information relating to his alleged time-barred debts that was factually inaccurate, as opposed to legally disputed, Experian is entitled to judgment on the pleadings to the extent Barsky claims under 15 U.S.C. §§ 1681e(b) and 1681i that Experian wrongfully reported these debts and failed to properly investigate his related dispute.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Experian Information Solutions,

---

[4] ECF #42 at p. 6.

Inc.'s Motion for Partial Judgment on the Pleadings [34] is **GRANTED.**[5] Barsky's claims involving Experian's alleged wrongful reporting of re-aged accounts and mortgage debt remain pending in this action.

 

                                  */s/ Catherine D. Perry*
                                  CATHERINE D. PERRY
                                  UNITED STATES DISTRICT JUDGE

Dated this 30th day of August, 2016.

---

[5] To the extent the motion was also filed on behalf of Equifax Information Services, LLC, the motion is moot given that Equifax was previously dismissed from this case.